UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

POUCH RUACH,                                              CIV. NO. 12-1129 (PAM/JSM)

     Plaintiff,                                                      ORDER

v.

ASHLEE BERTS, et.al.,

     Defendants.

This matter is before the undersigned on plaintiff's Motion to Compel Discovery [Docket No.110]; Motion for the Appointment of Counsel [Docket No. 111]; Motion for Leave to File a Reply Brief to Compel Discovery [Docket Nos. 117] and Motion To/For Defendant's Cross-Motion for Summary Judgment [Docket No. 119]. Plaintiff is pro se and defendants are represented by Assistant Attorney General Scott A. Grosskreutz, Esq. This matter was decided on plaintiffs' written submissions. The Court, being duly advised in the premises, upon all the files, records and proceedings herein and for the reasons described in the memorandum below, now makes and enters the following Order.

**IT IS HEREBY ORDERED THAT:**

1.     Plaintiff's Motion to Compel Discovery [Docket No. 110] is **DENIED** without prejudice.

2.     Plaintiff's Motion for the Appointment of Counsel [Docket No. 111] is **DENIED.**

3.     Plaintiff's Motion for Leave to File a Reply in connection with Plaintiff's Motion for Partial Summary Judgment [Docket No. 117] is **GRANTED.**

4.     Plaintiff's Motion To/For Defendant's Cross-Motion for Summary Judgment [Docket No. 119] is **DENIED.**

5.  **The parties are prohibited from filing any additional pleadings while dispositive motions are pending.  If plaintiff mails any additional pleadings to this Court or to the Clerk of Court, the pleadings will be returned to plaintiff.**


March 4, 2013                                          *Janie S. Mayeron*
                                                       JANIE S. MAYERON
                                                       United States Magistrate Judge


## MEMORANDUM

## I.  PROCEDURAL BACKGROUND

The factual background of plaintiff's lawsuit was described in this Court's Report and Recommendation dated January 14, 2013 [Docket Nos. 71, 72[1]] and will not be repeated.  On August 30, 2012, this Court issued its Pretrial Scheduling Order [Docket No. 21], which required that all fact discovery be completed no later than January 1, 2013, all non-dispositive motions (including discovery motions) be served and filed no later than February 1, 2013, and all dispositive motions to be served and filed no later than March 1, 2013.  Order, p. 2.  Plaintiff mailed his Motion for Partial Summary Judgment and accompanying exhibits to the Court, requiring this Court to direct the Clerk of Court to file the documents on plaintiff's behalf.  See Order, December 19, 2012 [Docket No. 59].  The Court's December 19, 2012, Order stated "Plaintiff is prohibited from filing any further pleadings while his Motion for Partial Summary Judgment is pending."  Id., p. 2.  Defendants cross-moved for summary judgment on January 28, 2013 and pursuant to the briefing schedule established by this Court, plaintiff's response was due within 21 days of the date defendants served plaintiff with

---

[1]     Docket No. 71 is this Court's sealed Report and Recommendation.  Docket No. 72 is a redacted version of the Report and Recommendation.

their cross-motion.  Order, p. 1 [Docket No. 70].  Plaintiff mailed his response to the defendants' cross-motion for summary judgment to chambers and this Court has again directed the Clerk of Court to file plaintiff's pleadings.

On January 25, 2013, this Court received plaintiff's Motion to Compel Discovery [Docket No. 110] and Motion for Appointment of Counsel [Docket No. 111].  In light of plaintiff's pro se status, on February 19, 2013, this Court directed the Clerk of Court to file both motions.  On February 20, 2013, this Court received additional pleadings from plaintiff, which related either to his motion to compel discovery [Docket Nos. 114, 115, 117, 118], Motion for Partial Summary Judgment [Docket No. 116] or response to defendants' Motion for Summary Judgment [Docket Nos. 119-124].  The Court again directed the Clerk of Court to file those pleadings.

## II.    PLAINTIFF'S MOTION TO COMPEL DISCOVERY [DOCKET NO. 110]

Plaintiff served Interrogatories and Requests for Production of Documents on November 15, 2012.  Affidavit of Pouch Ruach in Support of Motion to Compel Discovery ("Ruach Aff."), ¶2 [Docket No. 109].  On December 18, 2012, defendants' counsel sought an extension of time to respond until December 28, 2012.  Affidavit of Scott A. Grosskreutz ("Grosskreutz Aff."), ¶2, Ex. 2 [Docket No. 104].  Plaintiff agreed to the extension and on December 28, 2012, defendants served their discovery responses.  Id., ¶5, Exs. 3, 4.  Plaintiff then moved for an Order compelling more complete answers to his discovery requests.

In light of this Court's previous Order prohibiting plaintiff from filing any additional motions while his dispositive motion is pending,[2] the Court is denying his motion without prejudice. Should any portion of this case survive the parties' dispositive motions, the Court will put in place a new deadline for nondispositive motions and plaintiff may renew his motion.

## III. PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [DOCKET NO. 111]

Plaintiff moved for the appointment of counsel, arguing that his case is factually complex, will involve expert witnesses on the topic of electronic surveillance and, because plaintiff is in punitive segregation, he is unable to conduct an investigation of his case. Memorandum of Law in Support of the Plaintiff's Motion for the Appointment of Counsel ("Pl. Mem."), pp. 2-5 [Docket No. 111]; Affidavit of Pouch Ruach in Support of Motion for the Appointment of Counsel ("Ruach Aff."), ¶¶4-11 [Docket No. 112]. Plaintiff also cited his limited education, lack of legal expertise, and the Minnesota Department of Corrections' segregation policies, which limit the amount of legal documents and access to photocopying in support of his motion. Further, plaintiff claimed that the existence of credibility issues (ie., plaintiff's report of the alleged assault versus Moore's version of the events) supported appointment of counsel. Ruach Aff., ¶¶9, 10, 11, 12.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997);

---

[2] Plaintiff may have served his discovery motion despite being ordered not to file or serve additional motions out of apprehension over the impending non-dispositive motion cutoff date.

Wiggens v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).  However, under 28 U.S.C. §

1915(e)(1), this Court may request counsel to represent a pro se litigant who has been

granted in forma pauperis status in a civil case.[3]  The decision to appoint counsel in civil

cases "is committed to the discretion of the trial court."  McCall, 114 F.3d at 756 (citing

Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987); Williams v. Missouri, 640 F.2d

140, 144 (8th Cir. 1981)); see also In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986)

(citations omitted).

Central to the exercise of the court's discretion to appoint counsel in a civil case

is a determination by the court "that the nature of the litigation is such that the plaintiff as

well as the court will benefit from the assistance of counsel."  Nelson v. Redfield

Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes,

87 F.3d 1032, 1033 (8th Cir. 1996) (concluding that a "district court is to decide whether

the plaintiff and the court will substantially benefit from the appointment of counsel").  In

exercising this discretion, the court must carefully weigh the "factual and legal

complexity of the case, and the petitioner's ability both to investigate and to articulate

his claims without court appointed counsel."  McCall v. Bensen, 114 F.3d 754, 756 (8th

Cir. 1997) (citations omitted); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)

(concluding there are several factors guiding a district court's decision to appoint

---

[3]     The Court's only authority under § 1915(e)(1) is that  it "may request an attorney
to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1) (emphasis
added).  There is nothing under the plain language of the statute that gives this Court
the authority to require counsel to represent a party against his or her will.  See Mallard
v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309
(1989) (holding that 28 U.S.C. § 1915(d) merely authorizes courts to request attorneys
to represent indigent litigants in civil cases and does not permit courts to require such
representation); see also Scott v. Tyson Foods, Inc., 943 F.2d 17, 18-19 (8th Cir. 1991)
(discussing Mallard).

counsel including the complexity of the case and the ability of the plaintiff to present his or her case without counsel).

In the instant case, plaintiff has filed his Motion for Partial Summary Judgment, responded to defendant's Motion for Summary Judgment and served other pleadings, including his motion for a TRO, competently and without the assistance of counsel. This Court is satisfied that plaintiff is able to develop and articulate arguments in a meaningful way without the assistance of counsel and that the case is not so complex as to justify appointment of counsel. For all of these reasons, plaintiff's motion for appointment of counsel should be denied.

## IV. PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN CONNECTION WITH PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET NO. 117]

This Court's Pretrial Scheduling Order allowed for the filing and service of a reply brief in connection with dispositive motions. Order, August 30, 2012, p. 3. Therefore, this Court granted plaintiff's Motion for Leave to File a Reply, even though a motion was not required and directed the Clerk of Court to file plaintiff's Reply to defendants' Response to plaintiff's Motion for Partial Summary Judgment.

## V. PLAINTIFF'S MOTION TO/FOR DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 119]

This Court could not discern the purpose of plaintiff's "Motion To/For Defendant's Cross-Motion for Summary Judgment" and has, therefore, denied the motion. Plaintiff may have believed that such a motion was required for him to respond to defendants' cross-motion for summary judgment.

What appeared to this Court to be plaintiff's opposition papers to defendants' motion for summary judgment have been filed at  Docket Nos. 120, 121, and 124 and defendants should construe them as such.


J.S.M.